IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| THOMAS HART,<br><br>　　Plaintiff,<br><br>v.<br><br>WESTERN SHAMROCK CORPORATION<br>d/b/a WESTERN FINANCE,<br><br>　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-00257<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

**NOW COMES** Thomas Hart ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Western Shamrock Corporation d/b/a Western Finance ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, TDCA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Plaintiff resides in the Northern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant is engaged in the business of lending and collecting on high interest installment loans to consumers. Defendant's principal place of business located at 801 South Abe Street, San Angelo, Texas 76903.

**FACTS SUPPORTING CAUSES OF ACTION**

6. Prior to the conduct giving rise to this action, Plaintiff obtained an installment loan from Defendant ("subject debt").

7. Due to immense financial hardship, Plaintiff fell behind on payments of the subject debt.

8. In or around November 2019, Plaintiff started to receive collection phone calls from Defendant to his cellular phone number (254) XXX-1702 attempting to collect the subject debt.

9. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this telephone and its services.

10. In or around November 2019, Plaintiff answered a call from Defendant and demanded Defendant stop calling his cellular phone number.

11. Plaintiff also informed Defendant that he was planning to file for bankruptcy and provided Defendant with his bankruptcy attorney's contact information.

12. Defendant's representative stated that it would continue calling until the bankruptcy was filed despite Plaintiff's request that the calls cease.

13. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

14. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

15. Ignoring Plaintiff's demand to cease calling him, Defendant continued its phone harassment campaign without Plaintiff's consent.

16. Notwithstanding Plaintiff's request that Defendant cease calling his cellular phone, Defendant placed or caused to be placed numerous phone calls to Plaintiff's cellular phone between November 2019 and the present day.

17. The phone number that Defendant most often uses to contact Plaintiff is (254) 559-7242 and (254) 559-7243, but upon information and belief, it may have used other phone numbers to place phone calls to Plaintiff's cellular phone number without his consent.

### DAMAGES

18. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to

recharge his cellular telephone as a result of increased usage of his telephone services.

20. Furthermore, Plaintiff has a pay per minute cellular telephone, which charges Plaintiff for each phone call he received. Thus, Plaintiff incurred costs with each phone call Defendant placed to his cellular phone.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between November 2019 and the present day, using an ATDS without his consent.

30. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls and text messages to his cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff THOMAS HART respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C);
c. Enjoining Defendant from further contacting Plaintiff; and
d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as through fully set forth herein.

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

38. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

39. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

   a. **Violations of TDCA § 391.302**

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

41. Defendant violated the TDCA when it called Plaintiff repeatedly despite his requests that the calls cease. The repeated calls were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on the subject debt.

42. Furthermore, Plaintiff has a pay per minute cellular telephone, which charges

Plaintiff for each phone call he received. Thus, Plaintiff incurred costs with each phone call Defendant placed to his cellular phone.

**WHEREFORE**, Plaintiff THOMAS HART requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and
f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 27, 2019    Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
Marwan Rocco Daher, Esq.
Alexander James Taylor, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
*Counsel for Plaintiff*

7